### W. S. SNEED v. THE STATE.

THEFT — EVIDENCE. — In a trial for theft the accused proposed, but was not allowed, to prove that, since the finding of the indictment, the owner of the property had said that accused had his consent to the taking of it, and that the owner had since died. *Held,* that such proof was correctly excluded, being but hearsay.

APPEAL from the District Court of Coryell.   Tried below before the Hon. J. R. FLEMING.

Though indicted and tried for the theft of four head of cattle, the appellant was only found guilty of the misdemeanor.

*T. Rock* and *A. L. Jarnagin,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

ECTOR, P. J.   The defendant was indicted for the theft of four head of cattle, the property of Mark Short.   He was convicted under article 766 $a$ of the Code (Pasc. Dig., art. 2410 $b$), and fined $100.   We perceive no error in the charge of the court, or in admission or exclusion of testimony.

There was only one bill of exceptions taken by the defendant on the trial of the cause, and that was to the refusal

of the court to permit the witnesses Hammack and Cravy to state that Short, the owner of the property, had told them before his death, and after the indictment in this case was found, that defendant had his permission to use his cattle.

The lower court, we think, properly refused to admit this testimony. It was hearsay. It was of that kind of evidence which does not derive its value solely from the credit of the witness himself, but rests, also, in part, on the veracity and competency of some other person. If such testimony were admissible it would be greatly liable to abuse, and frequent frauds would be practiced under its cover. 1 Greenl. on Ev., sec. 99.

The charge of the court was not excepted to, nor were any additional instructions asked.

The record shows that the defendant had a fair and impartial trial. The evidence is sufficient to sustain the judgment. It is, therefore, affirmed.

*Affirmed.*